The Honorable M. Olin Cook State Representative 206 South Enid Avenue Russellville, AR 72801-4534
Dear Representative Cook:
This official Attorney General opinion is issued in response to a question you have presented concerning the transportation of children in passenger vans by child care facilities.
Your question arises out of A.C.A. § 27-34-104, which was amended by Act 470 of 2001. As amended, A.C.A. § 27-34-104 states:
 (a) Every driver who transports a child under the age of fifteen (15) years in a passenger automobile, van, or pickup truck, other than one operated for hire, which is registered in this or any other state, shall provide, while the motor vehicle is in motion and operated on a public road, street, or highway of this state, for the protection of the child by properly placing, maintaining, and securing the child in a child passenger restraint system meeting applicable federal motor vehicle safety standards in effect on January 1, 1995.
 (b) A child who is less than six (6) years of age and who weighs less than sixty pounds (60 lbs.) shall be restrained in a child passenger safety seat.
 (c) If a child is at least six (6) years of age or at least sixty pounds (60 lbs.) in weight, a safety belt shall be sufficient to meet the requirements of this section.
A.C.A. § 27-34-104, as amended by Acts 2001, No. 470.
You have presented the following question about the above-quoted statute:
 Does the phrase "one operated for hire," as used in A.C.A. § 27-34-104
(as amended by Act 470 of 2001), apply to child care facilities?
RESPONSE
I have recently issued Opinion No. 2001-231, which directly addresses this issue. I have attached a copy of that opinion for your review. I opined therein that the phrase "one operated for hire" does not apply to child care facilities. Such facilities are not, in my opinion, exempt from the seat belt and safety seat requirements of the statute. Please see Opinion No. 2001-231 for my analysis of this issue.
I am aware that my interpretation of the statute may result in some burdens on child care facilities, and I regret this result. However, my duty is to determine the interpretation that would most likely be chosen by a court considering the matter. I believe that because my interpretation is most consistent with all of the applicable legal principles, it is the interpretation that a court would choose. Any problems that may result from this interpretation can only be remedied by the legislature.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General